Mr. Underwood. Good morning, Your Honor. May it please the Court, Earl Underwood here on behalf of the appellants. When the lower court refused to approve the settlement and denied class certification, it found that the predominance element of Rule 23 could not be met. According to the district court, the question of liability under the Fair Debt Collection Practices Act depended on the individual circumstances of each class member. This was an abuse of the lower court's discretion. Why is that wrong? Why is it wrong for her to have done that? Because she failed to apply the least sophisticated consumer statute to the, across the class. Why does that even apply in this case? Because that's the standard in this circuit for finding that a communication from a debt collector to a debtor is deceptive or misleading. It must be a false statement for that to apply, and we don't know that every single member of this class there was a false statement was made to. For example, take foreclosure. How do we know that every single member of this class would be involved in foreclosure? Well, actually, Your Honor, there's case law that says that a statement doesn't actually have to be false. A statement can be, can be true and still be deceptive and misleading. Here's a concern I have, a question I have. There are some statements in there to which the least sophisticated consumer standard does apply, such as what happens if your mortgage is in foreclosure and whether it's imputed income, etc. But there are some statements to which it does not apply, such as whether your mortgage is in foreclosure or not. I don't see how that's a least sophisticated consumer standard. It's subjective to the person. I would agree with that. Okay. So we've got, we've got a case in which the least sophisticated consumer standard may be predominant as to those who fit the first historical fact criteria, but not as to whether they fit it or not. So how do we figure predominance in that situation? Well, all the class members received the same letter. I understand. And the letter specifically equates foreclosure on a real property with debt forgiveness and tax liability, and that is an untrue statement. Well, that's also least sophisticated consumer standard issue. Yes, sir. I got that. But your properties in foreclosure is not a least sophisticated consumer standard issue, is it? I would agree with that, yes, sir. Okay. So when we have the standard applying to those contingent upon the historical fact being true or false, how do we apply the predominant standard? Well, the letter has to be taken as a whole and not presented. I understand. But if a consumer doesn't have a mortgage in foreclosure, taking it as a whole, it means nothing to that consumer. And the fact that it means nothing has nothing to do with whether or not the statement that follows is deceptive or misleading. Okay. Let's assume that a consumer is in a foreclosure. The foreclosure will not always represent in forgiveness of debt. I understand. You're assuming away my question. My question is some consumers may be in foreclosure and some may not be. That's individually determined consumer by consumer by consumer. That's not a predominance issue, is it? I mean, you'd have to have the 13,000 individual determinations of whether that mortgage is in foreclosure. I agree. Now, you might can do it with a computer. You may not can do it. I agree. It's really irrelevant if they were in foreclosure or not. How can it be a false, deceptive, or misleading statement as to what happens if you're in foreclosure if they're not in foreclosure? Because it's an untrue statement. If you're from Canada, the following applies, and that following is just lie from wall to wall, floor to ceiling. The guy's not from Canada. Is that a predominance issue? You never get to it, do you? Well, I don't believe that that's the situation with regard to this case. Well, substituting a mortgage in foreclosure for Canada, it is. Now, maybe your answer is the predominant issue can moot the first one. In other words, if applying the least sophisticated consumer standard shows that's not false or deceptive, then the first one doesn't matter. But your position, I'm sure, is not that applying that standard, it's not false or deceptive. Okay. Applying the least sophisticated consumer standard, the letter taken as a whole, is false. Which means, according to your position about the least sophisticated consumer standard, we've got to have 13,649 or whatever it is, individual determinations as to whether that mortgage is in foreclosure. Does it not? No, sir. So, you're saying if they get the letter, and it doesn't apply to them because their mortgage is not in foreclosure, they're still entitled to statutory damages? That has to be your position, or you don't have it? If the query found the letter to be deceptive to the least sophisticated consumer, all the class members would be entitled to relief. Even if it didn't apply to them? So, to follow up with my hypothetical, if it said, if you're from Canada, the following applies, and they're not from Canada, but the following applies as false and deceptive, it would still violate this act and entitle them to statutory damages? That has to be your position. That is my position. Okay. I'm just trying to find out what it was. I've taken up a good bit of your time. We're going to give you two more minutes. Okay. I'm almost finished, and I'll sit down. If the foreclosure of your interest is completed, the foreclosure will be reported to credit bureaus. If this forgiveness of debt, this forgiveness of debt will be reported to Internal Revenue Service. When a creditor makes such a report, you will receive a 1099-C form. The IRS treats forgiven debt as income on which you owe tax. So, the statement equates foreclosure with forgiveness of debt, and they're just not the same. And that's deceptive if someone was foreclosed on or not. The intent of the letter is to scare people into paying more attention to this debt with a false threat of reporting income to the IRS. Okay. Okay. All right. We've got your full seven minutes. Reply, Mr. Nyman. Thank you, Judge Clarence. May it please the court. My name is John Nyman. Neil Moore is here representing Pinnacle, the appellee, nominal appellee in this case. Because his client is not asking this court to affirm the judgment of the district court, he has ceded all 15 minutes of the bottom side argument time to me so that I can defend the judgment of the district court. With that in mind, the district court did precisely what district courts are supposed to do when they're presented with motions of this sort, asking them to adjudicate the claims of thousands of people who aren't present to assert their own rights. The district court took a very close look at the complaint in the class cert papers. The court identified some red flags. The court told the parties what those red flags were. It gave the parties an opportunity at a hearing and afterwards to tell her she was wrong. And when she did so, it was incumbent on the parties to come forward with some mix of three things to answer. Either evidence from class discovery, persuasive legal arguments, or an appropriately narrowed class definition. The parties offered none of those things. They instead responded with the least sophisticated consumer standard. That wasn't enough. And with only that in front of the court, the court did not abuse its discretion in declining this invitation. Suppose the class had been not the people who received the letter, but the people who received the letter and whose real estate interest actually was in foreclosure. Would that have cured the problem? Well, I can't speak for the district court, but I do believe that in those circumstances, common issues would have predominated as to the first sentence of this letter. And the fact that you had basically two different sets of claims here dealing with allegedly false or deceptive statements in this letter, the first of which dealing with the foreclosure process and the second of which dealing with the tax consequences, complicated this case in a way that made it reasonable for the court to want to exercise some caution here. For example, Judge Carnes has pointed out during the opening argument about how if someone, if the first statement is false or deceptive as to the recipient, then the rest of the letter may not matter. And the least sophisticated consumer standard doesn't apply, doesn't make any difference as to the first statement, does it? It doesn't apply to historical facts, does it? That's correct. I've struggled to come up with the right nomenclature to describe what sorts of facts the standard doesn't apply to, but historical or objective facts, those are the sorts of, if the claim turns on those sorts of facts, the presence or their absence, then generally the least sophisticated consumer standard isn't going to play a role. Now, it may play a role in telling us, well, what is it reasonable to say that the debt collector was saying? You know, what is the content of the statement? So the least sophisticated consumer standard might play a role in telling us, well, the least sophisticated consumer in these circumstances might see the term foreclosure process and think that that means that formal foreclosure proceedings have been filed and doesn't just mean a default or the like, which is likely what the debt collector meant here. So the standard would play that role, but it can't change the fact that there are these historical facts on which the false, But if the class was limited to those whose current real estate interest with Westgate Resorts was in the foreclosure process, then this would meet the predominant standard, would it not? Yes, Your Honor, I do think so. That tool was in the toolbox for the parties in terms of finding a way to address the court's concerns. Now, we don't know why the parties didn't exercise that option. There may have been some numerosity problems with such a class. So if we agree with you, why shouldn't we vacate and remand with instructions to narrow the class? I think the appropriate course of action would be to affirm. The court could issue an opinion explaining why it is affirming, noting that the class definition wasn't narrowed. But with the parties not having offered the court an appropriate narrow definition, I don't think it's appropriate to vacate the judgment. If we do that, and I understand you may be right about that, but if we do that, could the parties come back in and move to redefine the class, refile it? I think if this court affirms, unless the district court says that there's a scheduling order in place that precludes the parties from coming back to it with class certification issues, if the court affirms, the parties could file a motion with the court, given this interlocutory posture of the appeal in this case. And that would certainly be one appropriate resolution. All that said, there has been some focus today on the second set of statements in the pinnacle letter, those raised in the third paragraph. I think it's, with respect to those claims, again, the least sophisticated consumer standard still wasn't the answer to the concerns the district court raised. The district court pointed out that the truth or falsity of the statements regarding the forgiveness of debt in those circumstances could turn on individualized circumstances having nothing to do with the sophistication of the debtor. For example, if it was in fact the intent of the creditor, Westgate here, to forgive any debt that still remained after a foreclosure, then those statements were true. They turned on that historical fact relating to the creditor's intent. But that goes to the merits as opposed to the predominant standard, because if the intent of Westbrook is decisive or potentially decisive, that's intent as to the entire class, is it not? Well, it involves some consideration of the way the merits inquiry would work, but it is not necessarily an inquiry into whether any given plaintiff is going to win a his or her case. The reason why I say that is the tool that was in the party's toolbox with respect to the third paragraph, these allegations about, or these statements about tax consequences, was class discovery. The district court expressly mentioned to the parties during the hearing or asked them, have you done discovery into whether these issues can be decided on a class-wide basis? And the right class discovery that would determine not necessarily who's entitled to win on the merits, but whether this question could be determined on a class-wide basis as opposed to an individualized basis, would have asked Pinnacle what Westgate's policy was, if any, with respect to debt forgiveness. It may well have been the case that Westgate had a pre-existing policy to always grant debt forgiveness to particular debtors after a foreclosure. But that wouldn't make the, that goes to the merits of whether the letter is false or deceptive. It doesn't go to whether it's a predominant issue. Well, that would tell us whether that issue could be determined on a class-wide basis. The evidence that the district court would need to be worried about, the evidence that would show that in fact this question is not subject to class-wide determination, is based on individualized circumstances, would be testimony from either Pinnacle or Westgate saying, Well, actually, we decide, we decided whether to forgive debt on a case-by-case basis. We had made that determination before Pinnacle sent this letter. So, as to some of these particular individuals, we might have had plans to forgive the debt following a foreclosure. As to other individuals, we might not have had that intent. It may, in addition to a misstatement or possible misstatement of the tax consequences, it may have misstated the intent. That's just another deceptive statement. Well, the question, I'm not sure that there was any basis for taking the statements in the third paragraph and saying that they in and of themselves misstated the potential tax consequences. Well, that's the issue which is predominant across the class, assuming they have a foreclosure. Well, the third paragraph, the critical sentence, I think, in the third paragraph is the second one that says, If the foreclosure of your interest is completed, the foreclosure will be reported to the credit bureaus and this forgiveness of debt will be reported to the Internal Revenue Service. There is no statement there about precisely what tax consequences there will be. There's no statement that the law... Two sentences later, there is. Two sentences later, the letter says that the IRS treats forgiven debt as income on which you may owe income tax. But I don't see any basis for an allegation that that statement is an erroneous statement. I have no idea whether it's erroneous or not, and I am certain that the least sophisticated consumer wouldn't know whether it's erroneous or not. I mean, who knows what's in the IRS code? You know, they owe what lurks in the hearts of minded men, and then the IRS code is kind of a... I mean, the question is whether the answer, whether that's correct or not, is an issue that's predominant to all who are in the foreclosure process. Well, the district court's response or the district court's concern about even that statement was that as to certain people within the class, that statement might well be true. As to other people within the class, the statement might not be false or deceptive. The violation here is sending a false or deceptive letter using the least sophisticated consumer interpretation of the letter, and I think it could be a violation even if within that deceptive statement, there's a harmless error position as to an individual who received it. If you receive a false and deceptive letter, but don't worry, it doesn't apply to you because as it turns out, it's true as to that, but it's false and deceptive as a statement generally, but it turns out it doesn't matter to you. Let's put it that way. Then I think you've still got a statutory violation, don't you? It's certainly a case that if the letter misstates the law, then the letter would violate the FDCPA most likely. And we can't determine at this stage whether it does violate the law or doesn't. That's a predominant issue, isn't it? I did not understand the district court to be asked to certify the class based on the notion that this third sentence in saying that the IRS treats forgiven debt as income was making a misstatement about the IRS code or the like. I understood the district court to be told that the class was due to be certified because the letter erroneously conflates foreclosure and forgiveness of debt. The letter doesn't do that. What the letter communicates is that if Westgate forecloses on the property, debt will be forgiven. That is not a statement about what the law requires. That is a statement about what Westgate intends to do. And whether that question is false or deceptive, as any class member is going to do, it may turn on individualized circumstances. The parties didn't give the district court any reason to be as certain as it needed to be in these circumstances that the question wouldn't turn on individualized circumstances. It wasn't too much for the district court to ask for the parties to engage in those steps. It might have cost the parties more money. But in these circumstances, it would have been well worth it. The FDCPA of its own right grants plaintiffs the ability to obtain attorney's fees. So if this had required the plaintiffs to expend more resources on class discovery and putting belt and suspenders on this thing, I think that would have been well worth it in terms of making sure that the class did not include any individuals who didn't have claims, didn't have valid claims against Pinnacle and thus unduly reduced the recoveries of the people in this class who did have valid claims. Unless there are further questions, I'll cede the rest of my time to the court. I don't believe we have any. Mr. Underwood, seven minutes in reply. The letter is going to apply to anyone that received it because the first sentence of it says, your real estate interest, our client, is currently in foreclosure process. Then it goes on to, in the third paragraph, is the paragraph we've been talking about. Failure to respond will force the current foreclosure process if the foreclosure of your interest is completed. And it goes on to equate it with tax liability. And so the common question presented was, if this was tried to a jury, is that letter deceptive to the least sophisticated consumer? What parts did you allege specifically were deceptive? It's a short complaint. It says the letter contains the following deceptive statements. That the property is currently in the foreclosure process. That can be 13,000 inquiries, right? Right. Okay. Failure to respond will continue to force the current foreclosure process.  And then, if the foreclosure is completed, the foreclosure will be reported to the credit bureau. And this forgiveness of debt will be reported to the IRS. Correct. Again, the intent of the defendant. When a creditor makes such a report, you will receive a 1099-C form. Again, the IRS treats forgiveness of debt as income on which you may owe income tax. You allege that the IRS treats forgiven debt as income. Mr. Nyman says everybody knows that. And that can't possibly be false or deceptive. What's your response? I know we don't get to the merits of them, but do you? You do have a Rule 11 obligation, which I could pass easily. I gave up on the IRC a long time ago. Well, my response is that foreclosure does not always result in forgiveness of debt. Which moves it up. Well, what they say is the IRS treats forgiven debt as income. Right. But, of course, the letter equates the foreclosure with forgiveness of debt, which is not always true. Yeah. And the allege and Count 1 are actually in the factual allegation before we get to Count 1, which are incorporated throughout. You say the above statements are deceptive because no foreclosure has been commenced. That means, as to the entire class, no foreclosure has been commenced? I'm looking at paragraph 11 here. Yes. The above statements are deceptive because no foreclosure has been commenced, comma. So that's not a predominant issue. I'm sorry, that's not an issue which supports predominance. I agree. So you've got some issues that there may be predominance, some issues that there may not be, and the question is the weighing process. That's right. Which is hard to overturn a district court on. So, the Amgen case, which we've cited, held that Rule 23b-3 shows, requires a showing, just that questions predominate, not that those questions will be answered on the merits in favor of the case. So, there's a common question presented. Is the letter taken as a whole to the least sophisticated consumer? Anything else? No, sir, that's all we have. Okay. We'll take that case under consideration. I think we're going to take about a 10-minute break. Before we do that, Mr. Nyman, I want to compliment you on your brief in this case. I've read a lot of amicus curiae briefs in my career. That was one of the best briefs I've ever read. Thank you, Your Honor. And having roped you into this assignment and pointed you as amicus, I would like to express the court's appreciation for you serving in a pro bono capacity in that regard. It's my honor to thank you, and I'd like to thank the parties' attorneys as well for treating me with exactly the cordiality that you would expect, despite me being an interloper in the party. And finally, to make it unanimous, I would also agree, and judge to be in his comments, I think the brief was outstanding. Thank you. All rise. Thank you.